An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JOHN SHADEK, BAR NO. 1513. | No. 64280 |
| IN THE MATTER OF DISABILITY OF JOHN SHADEK, BAR NO. 1513. | No. 64459 |

**FILED**

MAY 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER CONFIRMING TRANSFER TO DISABILITY INACTIVE STATUS AND DISMISSING DISCIPLINARY PROCEEDING WITHOUT PREJUDICE*

In Docket No. 64459, attorney John Shadek has petitioned this court for an order transferring him to disability inactive status, which the State Bar has opposed. On February 27, 2014, this court entered an order transferring Shadek to disability inactive status and directed Shadek to submit to examination by a Nevada-licensed medical expert to determine his capacity to continue practicing law and to file a report of the findings with this court. Shadek has now filed a document in response to this court's directive.

Having reviewed the parties' filings and the most recent medical report submitted by Shadek, we conclude that Shadek is

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17191

"incapacitated for the purpose of practicing law" and confirm the transferof Shadek to disability inactive status. *See* SCR 117(2). Shadek may resume the practice of law only after he complies with SCR 117(4) and (5).

Docket No. 64280 is an automatic review under SCR 105(3)(b) of a disciplinary board hearing panel's recommendation that Shadek be disbarred from the practice of law due to violations of the Rules of Professional Conduct. SCR 117(2) requires that any pending disciplinary proceedings against an attorney be suspended when he is transferred to disability inactive status, and this court suspended the proceedings in Docket No. 64280 in its February 27 order. As we have now confirmed the transfer to disability inactive status, we likewise confirm the suspension of the proceedings in Docket No. 64280. In order to avoid this matter lingering indefinitely on this court's docket pending Shadek's compliance with SCR 117(4) and (5), we conclude that judicial efficiency will be best served if Docket No. 64280 is dismissed without prejudice. Thus, Docket No. 64280 is dismissed without prejudice to the State Bar's ability to reinitiate such proceedings, if appropriate, upon Shadek's reinstatement to the active practice of law. Further, any other disciplinary proceedings pending against Shadek are suspended. SCR 117(2).

The state bar shall effect notice of this order as required under SCR 121.1. Bar counsel shall provide this court with proof that notice has been served.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                          Hardesty

_____, J.          _____, J.
Parraguirre                       Douglas

_____, J.          _____, J.
Cherry                             Saitta

cc:    David A. Clark, Bar Counsel
       J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       John Shadek
       Perry Thompson, United States Supreme Court Admissions Office

---

[1]This constitutes our final disposition of these matters. Any new proceedings concerning Shadek shall be docketed as a new and separate matter.